## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

SHAQUANA BROOKINS

       Plaintiff,

v.                                                    Case No.  4:21-cv-353-MW/MJF

ERICA STRONG,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner proceeding *pro se*, has filed a civil rights complaint under 28 U.S.C. §§ 1331, 1346, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against the Warden of FCI-Tallahassee. Doc. 1. Plaintiff claims that the Warden is denying her access to email and video visitation, in violation of her constitutional rights. On March 16, 2022, Plaintiff filed a motion for preliminary injunctive relief. Doc. 14. For the reasons that follow, the undersigned recommends that Plaintiff's motion be denied.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

# I.    BACKGROUND

Plaintiff is an inmate of the Federal Bureau of Prisons, currently confined at the Federal Correctional Institution in Tallahassee, Florida ("FCI-Tallahassee"). Doc. 1 at 2. Plaintiff is suing FCI Warden Erica Strong in her individual and official capacities. *Id*. Plaintiff claims that Strong is violating her First-Amendment right to free speech and free association, as well as her Fourteenth-Amendment right to due process, by denying her access to the Internet to visit with family members via email and video. Doc. 1 at 5, 7. In support, Plaintiff alleges:

> Warden Strong has wrongly decided that I used the Internet to commit my criminal offense, when in fact, even the sentencing judge and U.S. Attorney are not opposed to my use of email or video visitation.

*Id*. at 5.

Plaintiff's attachments to her complaint include Warden Strong's decision to restrict Plaintiff's electronic access. Strong explained:

> This is in response to your Request for Administrative Remedy, received September 17, 2020, wherein you stated, you are requesting to participate in the Trulincs Messaging and Video Visits. For relief you are requesting access to Trulincs Messaging and Video Visits.
>
> A review of this matter indicates, Program Statement 4500.12, Trust Fund Manual, states "Inmates whose offense, conduct, or other personal history indicates a propensity to offend through the use of e-mail, or jeopardizes the safety, security, orderly operation of the correctional facility, or the protection of the pubic or staff, should be seriously considered for restriction." In your current offense, Sex Trafficking by Force, Fraud, and Coercion, you placed advertisements on Backpage.com advertising two females for commercial sex acts.

Based on your offense, you utilized an electronic device in the commission of your offense.

Based on the above information, this response to your Request for Administrative Remedy is denied.

Doc. 1 at 16; *see also* Federal Bureau of Prisons Program Statement 4500.12, ch. 14.9(a)(1).

Plaintiff's motion for preliminary injunctive relief seeks to "enjoin[ ] the defendant to grant the Plaintiff email and video visits, pending the resolution of this case." Doc. 14.

## II.   DISCUSSION

To establish entitlement to a preliminary injunction, a movant must demonstrate:

(1) a substantial likelihood of success on the merits of the underlying claim;

(2) a substantial likelihood of suffering irreparable injury if the injunction is not granted;

(3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and

(4) the injunction would not disserve the public interest.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (discussing the requirements for issuing a TRO). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four

requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,* 887 F.2d 1535, 1537 (11th Cir. 1989); *Bloedorn v. Grubs,* 631 F.3d 1218, 1229 (11th Cir. 2011) (emphasizing that a temporary restraining order or "preliminary injunction in advance of trial is an extraordinary remedy").

By separate order, Doc. 15, the undersigned determined that Plaintiff's allegations fail to state a claim upon which relief can be granted, and required her to amend her complaint. Plaintiff correspondingly fails to meet the prerequisites for injunctive relief. The motion for a preliminary injunction should be denied.

### III.    CONCLUSION

For the reasons stated above and in the order requiring Plaintiff to replead, Doc. 15, the undersigned respectfully **RECOMMENDS** that:

1.    Plaintiff motion for a preliminary injunction, Doc. 14, be **DENIED**.

At Panama City, Florida, this <u>14th</u> day of April, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the**

district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.